Debra K. BENTON, Individually, and as Administratrix of the Estate of Thomas Henry Benton, Deceased, and Jessica E. Benton, a minor, b/n/f Debra K. Benton

v.

DIXIE SHAMROCK OIL & GAS, INC. and Highland Telephone Cooperative, Inc.

Civ. No. 3–81–260.

United States District Court, E. D. Tennessee, N. D.

Aug. 12, 1981.

Rom Meares, Maryville, Tenn., Dennis Fitzgerald, Findley, Ohio, for plaintiffs.

Ben W. Williamson, Jr., Knoxville, Tenn., Ernest A. Petroff, Huntsville, Tenn., for defendants.

## MEMORANDUM

ROBERT L. TAYLOR, District Judge.

Defendant Dixie-Shamrock Oil & Gas, Inc. (Dixie-Shamrock) has filed a Motion for a Protective Order. Three contentions are made in the Motion: First that the notices of depositions of three employees of the General Adjustment Bureau (G. A. B.) in Nashville, Tennessee, should be quashed; secondly that the notice of deposition of Dixie-Shamrock's expert should be quashed; and thirdly, that August 13, 1981, the date on which the deposition of Ted Brothers is set, is unacceptable to defendant's counsel. These contentions will be considered in order.

*Discovery of Defendant's Investigators.*

G. A. B. is a private investigating firm hired by Dixie-Shamrock to investigate the accident which is the subject of this lawsuit. Plaintiff's counsel has served notice of his intention to take the depositions of three of G. A. B.'s employees: J. R. Young, manager of the Knoxville office of G. A. B., and Ted Brothers and Randy Chalfant, each of whom allegedly conducted at least some of the investigation of this accident. Each of these three men has been

instructed to bring certain documents with him to the deposition.

Rule 26(b)(3), Fed.R.Civ.P., provides that discovery of "documents and things otherwise discoverable" under the rules and "prepared in anticipation of litigation" may be obtained

> only upon a showing that the party seeking discovery has substantial need of the materials in the preparation of his case and that he is unable without undue hardship to obtain the substantial equivalent of the materials by other means.

Plaintiffs' counsel asserts that the material sought is needed because his surviving plaintiffs have no memory of the facts of the accident. In the opinion of the Court, such a statement does not amount to the requisite showing of need. Accordingly, defendant's motion for a protective order is granted insofar as the plaintiffs' request for documents and tangible things is concerned.

Plaintiffs also seek to orally depose the individual investigators. We hold that plaintiffs may take the depositions of these individuals, but are not entitled to discover their mental impressions, conclusions, or opinions arising out of their investigation of the accident. Fed.R.Civ.P. 23(b). In the opinion of the Court, it is simply not fair to allow the plaintiffs in this case to discover matters which have come to light through the efforts of the defendant's paid representatives.

*Discovery of Defendant's Expert.*

■ Plaintiffs have also noticed the deposition of Professor Alex M. Moore, an expert who has been retained by Dixie-Shamrock, but who, according to defendant's counsel, will not testify at trial. Fed.R. Civ.P. 26(b)(4)(B) provides that discovery of facts known or opinions held by an expert under these circumstances may be obtained "only ... upon a showing of exceptional circumstances under which it is impracticable for the party seeking discovery to obtain facts or opinions on the same subject by other means." No such exceptional circumstances have been shown. Accordingly, the defendants' motion for a protective or-

der is sustained insofar as discovery of Professor Moore is concerned, and the Notice of Deposition and subpoena served on Professor Moore will be quashed.

Counsel has advised the Court that the matter with regard to the conflict on the date of deposition has been worked out.

For the foregoing reasons, it is ORDERED that defendants' motion for a protective order is granted insofar as it concerns plaintiffs' request for documents and tangible things and insofar as it relates to discovery by the plaintiffs of the defendants' expert, Professor Moore.

It is further ORDERED that plaintiffs may take the depositions of defendants' investigators subject to the limitations outlined above.

Order Accordingly.